UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| NYREE LETTERLOUGH, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:24-cv-00446-LCB-NAD |
| KIMBERLY NEELY, | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report and recommendation on December 5, 2024, recommending that this petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241, be denied.[1]  (Doc. 11).  On January 21, 2025, the court received Letterlough's objection to that report and recommendation.  (Doc. 14).

Letterlough's sole objection is that her conviction for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A), should not be deemed a "crime of violence."  (Doc. 14).  But as explained to Letterlough in the report and recommendation, her conviction for possession of a

---

[1] Letterlough's original 111-month sentence consisted of 51 months for possession with intent to distribute cocaine and cocaine base, and possession of a stolen firearm, to run concurrently, and 60 months for possession of a firearm in furtherance of a drug trafficking crime, to run consecutively. *See United States v. Nyree Letterlough*, No. 1:19-cr-00043-CCC-2 (M.D. Penn. Aug. 29, 2022) (Doc. 169). On January 17, 2025, President Joseph R. Biden, Jr., commuted Letterlough's prison term to 60 months. (*See id.,* at doc. 205 (filed Jan. 21, 2025)). That commutation has no impact on Letterlough's eligibility for earned time credits under the First Step Act, which is the only issue before this court.

firearm in furtherance of a drug trafficking crime rendered her statutorily ineligible for earned time credits under the First Step Act. Doc. 11 at 4-8; *see* 18 U.S.C. § 3632(d)(4)(D)(xxii); 28 C.F.R. § 523.41. At no point has Letterlough's eligibility for earned time credits under the First Step Act turned on whether she was convicted of a crime of violence. Instead, Letterlough's conviction for violation of § 924(c)(1)(A) excludes her from First Step Act earned time credit eligibility. [2] *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

To the extent Letterlough asserts that she did not possess a firearm, or that "the assumption can not be made that the Petitioner was indeed participating in drug trafficking" (Doc. 14), those arguments go to the validity of her conviction, and not the execution of her sentence. Letterlough may not use a § 2241 petition as a means to challenge the validity of her conviction. *See McCarthan v. Dir. of Goodwill Indus.---Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (holding that claims for good time credit are properly brought under § 2241, but claims challenging the validity of a sentence are not); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that only challenges to the execution of a sentence, and not its validity, may be brought under § 2241); *see also Bedgood v. Warden,*

---

[2] The Code provision states in relevant part that "any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i).

2

*FCC Coleman Medium*, 859 F. App'x 471, 472 (11th Cir. 2021) (noting that "attacks on the validity of a federal conviction must be brought under § 2255" but "challenges to the execution of a sentence are properly brought under § 2241.").

After a *de novo* consideration of the entire file in this action, including the report and recommendation, and Letterlough's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DENIED**.

A separate order will be entered.

**DONE** and **ORDERED** March 11, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE